UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-cr-62 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| JOSHUA P. JAVIS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On July 27, 2022, defendant Joshua Javis ("Javis" or "defendant") was sentenced to a custody term of 30 months, and 3 years of supervised release, following his guilty plea to being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(A)(2). (Doc. No. 23 (Judgment); *see* Minutes of Proceedings [non-document], 7/27/2022.) On January 28, 2025, the Court issued an Order revoking defendant's supervised release, upon his admission to two supervised release violations, and committed defendant to the custody of the Bureau of Prisons for a term of 8 months. (Doc. No. 55 (Order); Minutes of Proceedings [non-document], 1/28/2025; Doc. No. 53 (Report & Recommendation).) He is currently housed at Hazelton FCI and has an anticipated release date of August 20, 2025. (https://www.bop.gov/inmateloc//, last visited June 16, 2025.)

Now before the Court is Javis's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 56 (Motion).) Appointed counsel filed a notice of intent to not supplement Javis's *pro se* motion (Doc. No. 57 (Notice)), and the government filed an opposition to the motion. (Doc. No. 58 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3582(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

In his motion, Javis asks the Court to reduce his sentence "pursuant to Amendment 821[,]" "relevant case law from the Sixth Circuit and Supreme U.S. Court, and the constitutional guarantee of equal protection under the law." (Doc. No. 56, at 1.) Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). Part B of Amendment 821 creates a new § 4C1.1 that permits a two-level reduction for certain offenders with zero criminal history points. U.S.S.G. § 4C1.1 The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court calculated Javis's base offense level to be 14. (*See also* Doc. No. 17 (Final PSR), at 6 ¶ 17.) After the appropriate reductions were applied, the resulting total offense level was 12. (*See also id.* at 7 ¶ 25.) Javis had numerous prior convictions, which collectively scored 27 criminal history points. (*See also id.* at 16 ¶ 52.) Because Javis committed the instant offense while he was on probation, he received 2 additional "status points" under § 4A1.1(d). (*See also id.* at 16 ¶ 53.) With a total of 29 criminal history points, the guidelines dictated

2

that he was a criminal history category VI. (*See also id*. at 16 ¶ 54.) The advisory guideline range at offense level 12, criminal history category VI, is 30 to 37 months. (*See also id*. at 25 ¶ 96.)

The government argues that Javis is entitled to no relief "because his sentence is unaffected by either prong of Amendment 821." (Doc. No. 58, at 5.) The government notes that "the PSR is clear that [Javis] received 27 criminal history points[,]" and, therefore, he is not a zero point offender under Part B. (*Id*.) Additionally, the government argues that Javis's advisory sentencing range would be unaffected by Part A. (*Id*.) Following implementation of Amendment 821, Javis would receive one status point instead of two, for a total of 28 criminal history points. The corresponding criminal history category of VI, however, would be unchanged, and Javis's guidelines range would remain 30 to 37 months. (*Id*. at 5–6.)

The Court agrees that defendant's original sentence for being a felon-in-possession would have been unaffected by Amendment 821, and, therefore, he would have been ineligible for a sentence reduction if he were still serving his initial sentence. The present motion must be denied, however, for a different reason: Javis is currently serving a sentence imposed after the revocation of his supervised release and Amendment 821 does not reach custody terms imposed for supervised release violations. As explained in the commentary to § 1B1.10, "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 cmt. 8(A) (Exclusion Relating to Revocation); *see, e.g., United States v. McCloud*, No. 01-80361, 2024 WL 3237134, at *1 (E.D. Mich. June 27, 2024) (citing *United States v. Avalos-Gallegos*, No. 5:19-cr-19, 2024 WL 1403073, at *2 (E.D. Ky. Apr. 1, 2024) ("Simply put, a sentence imposed upon revocation of supervised

release cannot be reduced pursuant to Amendment 821.")); *United States v. Greulich*, 2:13-cr-24, 2025 WL 1198168, at *3 (E.D. Tenn. Apr. 24, 2025) (similar); *see also United States v. Grove*, No. 24-5298, 2025 WL 655581, at *5 (6th Cir. Feb. 28, 2025) (noting that the Sixth Circuit has "persuasively concluded, albeit in nonprecedential cases, that a district court does not plainly err when it declines . . . to apply Amendment 821 following a supervised-release revocation" (collecting cases))). "Because a sentence reduction would not be consistent with § 1B1.10," the Court is without authority to modify Javis's sentence. *See McCloud*, 2024 WL 3237134, at *1.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 56) is DENIED.

**IT IS SO ORDERED**.

Dated: June 23, 2025

                                                **HONORABLE SARA LIOI**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**